UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

KURT R. KLUENDER,

        Plaintiff,

vs.                                                          Case No. 2:09-cv-00020-CNC

DAIMLER CHRYSLER CORPORATION        U.S. District Court Judge
UAW PENSION PLAN, DAIMLER               C.N. Clevert, Jr.
CHRYSLER CORPORATION UAW
PENSION BOARD OF ADMINISTRATION,
DAIMLER CHRYSLER CORPORATION,

        Defendants.

---

## **CONFIDENTIALITY ORDER**

---

      HAVING BEEN DULY ADVISED that Plaintiff and Defendants (collectively referred to as "parties") have agreed and consented to the production of certain information and to prohibit the disclosure of non-public, confidential, personnel, proprietary and/or sensitive information, documents and testimony that may be produced in discovery or otherwise provided or made available to the parties in this matter, and with the parties' concurrence and the Court being otherwise advised in the premises:

      IT IS ORDERED that "Confidential Information," as defined herein, produced by the parties is hereby subject to the terms of this Order and is produced pursuant to and because of this Order.

      IT IS FURTHER ORDERED:

A.      <u>Definition of Confidential Information</u>

      1.      "Confidential Information," as used in this Order means any documents or other information produced or provided by any party that is not a part of the administrative record

filed with the Court. For purposes of this Order, the term "document" shall have the meaning as defined in Fed. R. Civ. P. 33(a).

B.  Qualified Persons with Access to Confidential Information

Confidential Information shall be used only for the litigation, trial and/or settlement of this action and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

1.  The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

2.  The named parties to this litigation, their agents, and witnesses provided that they first agree to be bound by this Order;

3.  Independent consultants and/or experts retained by the parties or counsel to work on the action who agree to abide by this Order;

4.  Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure;

5.  Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

6.  The Court and Court personnel.

Each individual listed in 1-5 above, shall be deemed to be an agent of Plaintiff and/or Defendants, whichever party discloses the information to them, and that party shall be responsible for any disclosure of Confidential Information beyond that authorized in this Order.

C. <u>Restrictions on the Use and Disclosure of Confidential Information</u>

1. Persons obtaining access to Confidential Information shall use the information solely for the litigation, trial and/or settlement of this action.

2. Confidential Information shall not be shown to (except in connection with an interview conducted by or under the supervision of counsel) and copies shall not be provided to witnesses.

3. In the event that a party intends to file Confidential Information with the Court or refer to any Confidential Information in any paper filed with the Court, counsel responsible for such filing shall notify the other parties of the confidential nature of the filing sufficiently in advance of the filing so as allow any party to seek an order that the material be filed under seal.

4. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Order, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Order, or otherwise appropriate.

5. Neither the parties nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes of this action and as otherwise permitted by this Order.

3

D.  <u>No Admission or Waiver</u>

The inadvertent or unintentional disclosure of any Confidential Information by the party producing that information shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation. Similarly, the inadvertent or unintentional disclosure of any documents, information or testimony protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection. Any documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the producing or providing party.

4

E. <u>Jurisdiction and Return of Documents</u>

1. This Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute between the parties, their assets and witnesses concerning the use of information disclosed hereunder, or as otherwise ordered by this court.

2. Within ten (10) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided by the parties, other than documents filed with this court, shall be returned to their respective counsel or destroyed. If such documents are destroyed, counsel for the party that destroys such documents shall certify in writing to the destruction.

Nothing in this paragraph shall preclude counsel for either party from maintaining copies of work product materials which in the good faith judgment of counsel must be maintained for purposes of defending against potential malpractice claims. If counsel for either party has a good faith belief that work product abstracts or summaries of Confidential Information must be maintained for the defense of potential malpractice claims, counsel shall serve opposing counsel with a written request to maintain copies of such information until the end of the applicable statutes of limitations periods for professional malpractice claims.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE